UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENIA MURPHY | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC A WHOLLY-OWNED SUBSIDIARY OF PORTFOLIO RECOVERY ASSOCIATES, INC. | ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Eugenia Murphy, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Eugenia Murphy, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Portfolio Recovery, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the South Carolina Fair Debt Collection Practices Act ("SCFDCPA") which also prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III. PARTIES

4. Plaintiff, Eugenia Murphy, is an adult natural person residing at 10013 Bora Bora Dr., Tega Cay SC 29708 . At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (Defendant, Portfolio Recovery), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the Commonwealth of Virginia with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around June, 2012, Plaintiff started to receive collection calls from Defendant's agent, "Mr. McCoy", on a debt allegedly owed on an account with Core Trust Bank.

8. Plaintiff has no recollection of this account.

9. At that time, Defendant's agent, "Mr. McCoy", informed the Plaintiff that the account was opened on or about July 2, 1998.

10. Plaintiff was not told how much the Defendant was trying to collect.

11. On or about June 27, 2012, Defendant's agent, "Ms. Haley", started to place collection calls to the Plaintiff at her place of employment.

12. Defendant's agent, "Ms. Haley", started demanding personal information from the Plaintiff, such as address, and social security number.

13. Plaintiff refused to supply any information.

14. At that time, Plaintiff requested validation on the above referenced debt, and again informed the Defendant that she had no memory of having this account.

15. Defendant's agent, "Ms. Haley", informed the Plaintiff that they could not send her anything to validate this account because there was nothing in the file that could be transferred to her.

16. During this same call, Defendant's agent, "Ms Haley", admitted to the Plaintiff that her name was not even in the Defendant's system as an active client.

17. Agent, "Ms Haley", further told the Plaintiff that the Defendant could not even confirm a mailing address for the Plaintiff.

18. Plaintiff was then quickly transferred to Defendant's agent, "John Glover", in the "Archive Department".

19. Plaintiff wanted to know why the Defendant was trying to collect on an alleged debt that was over thirteen (13) years old.

20. Plaintiff was left on hold for over twenty-five (25) minutes.

21. Defendant's agent, "John Glover", would come back on the line periodically to assure the Plaintiff that he was looking for information on her account.

22. After continuing to hold for an extensive period of time, the Plaintiff told the Defendant's agent, "John Glover", that she would have to call him another time because she was in work and needed to get off the phone.

23. Defendant's agent, "John Glover", angrily told the Plaintiff that she could not hang up because there was no guarantee that she would get him on the line again when she called back.

24. Defendant's agent, "John Glover", stated that the Plaintiff was now to speak only with him.

25. Plaintiff was unsure what else to do, and felt threatened to stay on the line, despite the chances of being reprimanded at her job.

26. Defendant's agent, "John Glover", eventually returned to the line, and stated that the Plaintiff owed a debt of $554.24 on account #E9RSSHKT702.

27. Plaintiff again asked for validation of this account.

28. At that time, Plaintiff asked Defendant's agent, "John Glover", why she was transferred to the "Archive Department" in the first place.

29. Defendant's agent, "John Glover", appeared to longer be able to assist the Plaintiff and abruptly told the Plaintiff that he had no further answers for her and that he did not have time to speak with her any longer.

30. Defendant ended the call.

31. Plaintiff continues to receive collection calls from the Defendant to her personal cell phone and to her home.

32. Defendant also continues to place collection calls to the Plaintiff's place of employment despite being told that she could not take calls at her work.

33. Defendant has failed to send the Plaintiff anything in writing to validate this debt.

34. Defendant at no time informed the Plaintiff of her right to dispute this debt within thirty days of their initial communication.

35. Plaintiff remains unaware of the validity of this account, as of the filing of this complaint; said account has never appeared on the Plaintiffs three (3) major credit reports.

36. The Defendants acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

37. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

38. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

39. Defendant, Portfolio Recovery, knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

40. At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

41. At all times pertinent hereto, the conduct of the Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

42. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

43. The above paragraphs are hereby incorporated herein by reference.

44. At all times relevant hereto, Defendant, Portfolio Recovery, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

45. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual place, unusual time, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(3): | At place of employment when knows the employer does not allow such communications |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer e.g. cell phone calls |

|     |     |     |
| --- | --- | --- |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(3): | | Must state the right to dispute within 30-days |
| §§ 1692g(b): | | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the South Carolina Fair Debt Collection Practices Act

### Section 37 et.seq. Unconscionability; Inducement by Unconscionable Conduct

46. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

47. In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

(b) Communicating with the consumer or a member of her family at frequent intervals during a twenty-four hour period or at unusual hours or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass the consumer. The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.  A creditor or debt collector may not:

(i) communicate with a consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, it may be assumed that a convenient time to communicate with a consumer is between 8 a.m. and 9 p.m.; or

(iii) contact a consumer at her place of employment after the consumer or her employer has requested in writing that no contacts be made at such place of employment or except as may be otherwise permitted by statute or to verify the consumer's employment;

(vii) cause a telephone to ring repeatedly during a twenty-four hour period or engage any person in a telephone conversation with intent to annoy, abuse, or harass any person at the called number;

      (c)      Using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction. Such false representations shall include

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to SCFDCPA §37-5-108

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                Respectfully submitted,

                **VULLINGS LAW GROUP, LLC**

**Date: August 24, 2012**

                **BY:** _/s/ Brent F. Vullings_
                Brent F. Vullings, Esquire
                3953 Ridge Pike
                Suite 102
                Collegeville, PA 19426
                P: 610-489-6060
                F: 610-489-1997
                Attorney for Plaintiff
                bvullings@vullingslaw.com